NOT DESIGNATED FOR PUBLICATION

No. 111,932

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

NICOLE LYNN THOMPSON,
*Appellee*.


MEMORANDUM OPINION

Appeal from Jackson District Court; MICHEAL A. IRELAND, judge. Opinion filed December 18, 2015. Reversed and remanded with directions.

*Shawna R. Miller*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Randy M. Barker*, of Holton, for appellee.

Before MALONE, C.J., GREEN and POWELL, JJ.

*Per Curiam*: The State filed this interlocutory appeal after the trial court dismissed one count of trafficking in contraband into a correction institution in violation of K.S.A. 2014 Supp. 21-5914(a)(1) at the preliminary hearing. On appeal, the State contends that the trial court erred when it failed to bind over the defendant, Nicole L. Thompson, at the preliminary hearing for the previously mentioned charge. We agree. Accordingly, we reverse and remand with directions.

On March 1, 2014, Trooper Brian Clark made a traffic stop of a vehicle because the driver of the vehicle was not wearing a seatbelt and for extremely dark tint on the

1

windows. The driver first identified herself as Teresa Lynn Robinson. There was also a male passenger in the vehicle. After pulling up Teresa Robinson's identification information, Trooper Clark realized that the physical characteristics of the driver did not match Teresa Robinson's information. After Trooper Clark confronted the driver about her identity, she eventually admitted that her real name was Nicole Lynn Thompson.

Trooper Clark then checked Thompson's information for wants and warrants and discovered she had an active bench warrant from Jackson County, Kansas. Trooper Clark also noticed a strong odor of marijuana coming from Thompson's person. Trooper Clark placed Thompson under arrest. After arresting Thompson, Trooper Clark searched Thompson's vehicle and found an ashtray with small marijuana hand-rolled blunts.

Before being taken to jail, Trooper Clark asked Thompson if she had anything illegal on her person and advised her of the consequences if she attempted to take anything illegal with her into the jail. Thompson denied having anything illegal on her. Thompson was transported to the Jackson County jail.

Once at the jail, corrections officer Brittany Clarke took Thompson into the secured multipurpose room and then later the booking room. Officer Clarke did an initial pat down of Thompson and proceeded to a strip search of Thompson. During the strip search, Officer Clarke found a little piece of rolled up cigar in Thompson's front pocket and two baggies containing marijuana fell from Thompson's underwear. Officer Clarke testified that Thompson had on two pairs of underwear and that the baggies appeared to be between the two pairs of underwear.

The State charged Thompson as follows: Count 1: traffic in contraband in a correctional institution; Count 2: possession of marijuana; Count 3: possession of drug paraphernalia; Count 4: interference with law enforcement—obstruction of official duty;

Count 5: driving while declared a habitual violator; and Count 6: driving while license canceled, suspended, or revoked.

At the preliminary hearing, the trial court found that the State had not met its burden to establish probable cause for count 1, which was the charge of trafficking in contraband in a correctional institution. Specifically, the trial court held that "a person who is brought in, in cuffs, does not come in voluntarily, and is under arrest has something on them and does not get into the general population with it secreted in them is not trafficking in a correctional institution." As a result, the trial court refused to bind Thompson over for trial based upon the evidence presented for the trafficking in contraband charge.

The State timely sought an interlocutory appeal.

*Did the Trial Court Err in Refusing to Bind Thompson Over for Trial on the Charge of Trafficking in Contraband?*

On appeal, the State argues that the trial court erred when it refused to bind Thompson over for trial at the preliminary hearing on the charge of introducing or attempting to introduce contraband into a correctional institution. The State maintains that the trial court erred in finding that Thompson did not have the necessary intent because she was taken into jail involuntarily. The State also takes issue with the court's finding that because Thompson was prevented from getting the contraband into the general population that there was no probable cause.

K.S.A. 2014 Supp. 22-2902(3) provides:

"If from the evidence it appears that a felony has been committed and there is probable cause to believe that a felony has been committed by the defendant, the magistrate shall

3

order the defendant bound over to the district judge having jurisdiction to try the case; otherwise, the magistrate shall discharge the defendant."

Appellate courts apply a de novo standard of review when the State appeals the dismissal of a complaint based on lack of probable cause. *State v. Stephens*, 263 Kan. 658, 661, 953 P.2d 1373 (1998). Under this standard, our court must determine whether there is sufficient evidence to support the charge.

"To determine whether there is sufficient evidence to cause a person of ordinary prudence and caution to entertain a reasonable belief of the accused's guilt, the court must draw inferences favorable to the prosecution. Moreover, the evidence needs only to establish probable cause, not guilt beyond a reasonable doubt. The court's role is not to determine the wisdom of the decision to file charges or to determine whether the possibility of a conviction is likely or remote. [Citation omitted.]" *State v. Anderson*, 270 Kan. 68, 71, 12 P.3d 883 (2000).

The statute defining trafficking in contraband in a correctional institution states as follows:

"(a) Traffic in contraband in a correctional institution or care and treatment facility is, without the consent of the administrator of the correctional institution or care and treatment facility:

(1) Introducing or attempting to introduce any item into or upon the grounds of any correctional institution or care and treatment facility." K.S.A. 2014 Supp. 21-5914(a)(1).

An essential element of every felony is criminal intent. K.S.A. 2014 Supp. 21-5202 states: "(a) Except as otherwise provided, a culpable mental state is an essential element of every crime defined by this code. A culpable mental state may be established by proof that the conduct of the accused person was committed 'intentionally,' 'knowingly' or 'recklessly.'"

4

In this case, the trial court found as follows:

"[T]he Court is of the opinion that someone who's brought in in cuffs and arrested because of a traffic violation—or even a domestic battery or whatever else—coming in, they're not doing it purposely and intentionally, even though law enforcement may say, 'If you don't tell us, you don't let us know you committed another crime, tough luck.'

 . . . .

"But my ruling today is—based upon what I've read in the other States and Kansas—my ruling is today that a person who's brought in in cuffs, does not come in voluntarily, and is under arrest has something on them and does not get into general population with it secreted in them is not trafficking in a correctional institution."

Here, Thompson was arrested and taken to jail. Before being transported to the jail she was asked if she had anything illegal on her and was advised of the consequences of taking illegal contraband into the jail. Thompson stated that she did not have anything illegal on her. During her pat down at the jail, Thompson was asked if she had anything that would poke or stick the officer, but the officer did not specifically ask Thompson if she possessed any contraband.

The State argues that Thompson was clearly warned by Trooper Clarke of the consequences of taking contraband into the jail. Even after this warning, Thompson denied having anything illegal on her. The State further contends that because Thompson's possession of contraband was not discovered until she was being strip searched in the booking room, the crime of introducing contraband into a correctional facility had been committed and there was probable cause to believe that Thompson committed the offense.

In response, Thompson relies on *State v. Conger*, No. 92,381, 2005 WL 1561369 (2005 Kan. App.) (unpublished opinion). In *Conger*, the defendant was questioned by the arresting officer about illegal contraband before being taken to jail. At the jail, the

5

booking officer did not ask the defendant whether she possessed any illegal contraband. Once the booking officer had gathered the defendant's clothes, the defendant took a pill from her shoe and gave it to the booking officer. The pill was a legal prescription medication for schizophrenia. The *Conger* court upheld the trial court's dismissal of the trafficking in contraband charge finding as follows:

> "We find it significant that Conger had been arrested and taken to jail involuntarily. She was not there on her own accord to visit another inmate at the facility. She had little or no time to prepare herself for her entrance into the jail facility or to take stock of the personal belongings in her possession.
>
> . . . .
>
> "Very simply, Conger did not show any criminal intent to introduce contraband into the correctional institution; rather, she willingly turned the pill over to Hardesty while she was being admitted into jail. Without any evidence of general criminal intent, the district court was correct in finding that no crime had been committed. We conclude the district court did not err in dismissing the charge at the conclusion of the preliminary hearing." 2015 WL 1561369, at *3-4.

Thompson maintains that her case is "almost on all fours" with the *Conger* case, but the *Conger* case is actually distinguishable from our case. It is true that in both cases the defendants were asked by the arresting officers about any illegal contraband and were warned about the consequences of such contraband but were not again asked or warned about possessing illegal contraband once at the jail. It is also true that both defendants were arrested and taken to jail involuntarily. Nevertheless, there are a few key distinguishable facts. For example, the defendant in *Conger* voluntarily turned over the pill to the booking officer. In this case, Thompson did not voluntarily turn over the marijuana; the booking officer simply found it during the search. Also, the pill involved in the *Conger* case was a legal prescription for schizophrenia. Therefore, if the defendant had turned the pill over at the front desk counter at the booking desk, then the defendant would not have committed a crime. That is not true for the case at hand. Here, the

defendant had packets of marijuana hidden in between two pairs of underwear. Thus, the possession of this marijuana would have been a crime no matter when it was discovered.

In this case, Thompson was originally stopped for not wearing her seatbelt and for tinted windows. Trooper Clarke smelled marijuana on Thompson and performed a search of the vehicle where marijuana was found. During all of this, at no point does Thompson volunteer that she has more marijuana hidden on her body. Instead, when directly asked about any illegal contraband before being transported to jail, Thompson denied having any. We find it difficult to believe that Thompson somehow forgot about the marijuana hidden in her underwear. While it is true that Thompson probably did not place the marijuana in her underwear with the intention of trying to sneak it into jail, she did nothing to stop or prevent the introduction of the marijuana into the correctional institution.

Recently, in *State v. Lowe*, No. 110,103, 2015 WL 423664, *5 (2015 Kan. App.) (unpublished opinion), this court analyzed the trafficking in contraband charge at issue in this case. Judge G. Gordon Atcheson's dissent specifically addressed the crime charged here:

> "Under K.S.A. 2011 Supp. 21-5914(a)(1), a person commits a felony by '[I]ntroducing or attempting to introduce [contraband] into or upon the grounds of any correctional . . . facility.' The verb 'introduce,' in that context, means to 'bring in especially for the first time.' Merriam-Webster's Collegiate Dictionary 657 (11th ed. 2003); see also American Heritage Dictionary 920 (5th ed. 2011) (introduce means 'to bring in and establish in a new place'). The legislature intended no special meaning to be imputed to the wording. See *State v. Urban,* 291 Kan. 214, 216, 239 P.3d 837 (2010) ('common words' in a statute typically should be construed to carry their 'ordinary meanings'). So subsection (a)(1) would apply to the person who bakes a hacksaw blade in a cake and mails it to a relative in jail. *It also criminalizes the efforts of a person being booked into jail who attempts to secrete and bring in contraband.*" (Emphasis added.) 2015 WL 423664, at *5.

7

In this case, it appears the trial court refused to bind Thompson over because she did not actually introduce the contraband into the general population. Nevertheless, under the plain language of the statute there is no requirement that the item be introduced into the general population. The statute simply states that the item be introduced into or upon the grounds of any correctional institution. As stated in *Lowe*, that clearly includes booking areas of correctional institutions. 2015 WL 423664, at *5. Moreover, at the preliminary hearing, evidence was presented that both the booking room and the multipurpose room where Thompson was held are not open to the public. It also rationally follows that those two rooms were a part of the correctional institution.

Drawing all inferences favorable to the prosecution from the evidence presented, as is required, we conclude that the evidence is sufficient to support a finding of probable cause that Thompson committed the offense of trafficking in contraband into a correctional facility as charged herein.

The case is reversed and remanded with directions to reinstate the trafficking in contraband into a correctional facility charge against Thompson and for further proceedings in conformity with this opinion.

Reversed and remanded with directions.